**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH DAKOTA**
**SOUTHERN DIVISION**

| | |
|---|---|
| STERLING TRUSTEES, LLC, AS TRUSTEE OF THE CAPSTONE CAPITAL TRUST DATED JANUARY 9, 2014 <br><br> Plaintiff, <br><br> v. <br><br> TPZ VENTURES, LLC, ENCANNA PRODUCTS, LLC, TPZ MANUFACTURING, LLC, AND CANNA RETAIL 1, LLC <br><br> Defendants. | Case No: 18-4147-LLP <br><br><br> **COMPLAINT** <br> **(JURY DEMANDED)** |

COMPLAINT FOR DECLARATORY JUDGMENT AND JURY DEMAND

INTRODUCTION

This action seeks declaratory judgment from the Court with respect to the rights and duties of Sterling Trustees, as trustee of the Capstone Capital Trust dated January 9, 2014 and Defendants TPZ Ventures, LLC, Encanna Products, LLC, TPZ Manufacturing, LLC, and Canna Retail 1, LLC under a contract.

THE PARTIES

1. Plaintiff, Sterling Trustees, LLC, as trustee of the Capstone Capital Trust dated January 9, 2014, a trust created under the laws of the State of South Dakota, and a place of business at 101 S. Phillips Avenue, Suite 509, Sioux Falls, SD 57104.

2. Defendant, TPZ Ventures, LLC ("TPZ Ventures"), a limited liability company organized under the laws of the Commonwealth of Puerto Rico and maintaining its principal place of business at 295 Palmas Inn, Suite 104, PMB #130, Humacao, Puerto Rico 00791.

3.   Defendant, Encanna Products, LLC ("Encanna"), a Puerto Rican limited liability company organized under the laws of the Commonwealth of Puerto Rico and maintaining its principal place of business at 295 Palmas Inn, Suite 104, PMB #130, Humacao, Puerto Rico 00791.

4.   Defendant, TPZ Manufacturing, LLC ("TPZ Manufacturing"), a Puerto Rican limited liability company organized under the laws of the Commonwealth of Puerto Rico and maintaining its principal place of business at 295 Palmas Inn, Suite 104, PMB #130, Humacao, Puerto Rico 00791.

5.   Defendant, Canna Retail 1, LLC ("Canna Retail"), a Puerto Rican limited liability company organized under the laws of the Commonwealth of Puerto Rico and maintaining its principal place of business at 295 Palmas Inn, Suite 104, PMB #130, Humacao, Puerto Rico 00791.

JURISDICTION

6.   Jurisdiction is founded upon diversity of citizenship under 28 U.S.C. §1332(a) because there is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7.   Venue is appropriate in the District of South Dakota under 28 U.S.C. §1391 because the contract at issue is governed by the laws of the State of South Dakota and a substantial portion of the events at issue in the underlying case took place in the District of South Dakota.

8.  An actual case and controversy of a justiciable nature exists between Plaintiff and Defendants involving the rights and obligations of those parties under an agreement and dependent upon the formation of such agreement and the controversy may be determined by a judgment of this, without other suits.

## FACTS

9.  Francis J. Meistrell serves as manager of TPZ Ventures, Encanna, Canna Retail 1 and TPZ Manufacturing (collectively, "Defendants").

10. Francis J. Meistrell, indirectly, through an entity known as Kyalami Holdings, LLC, owns a majority interest in each of the Defendants.

11. On or about September 13, 2017, Plaintiff and TPZ Ventures executed a promissory note in connection to a loan made by Plaintiff to TPZ Ventures in the amount of One Million and 00/100 Dollars ($1,000,000.00) (the "2017 Note" and the "2017 Loan", respectively). The 2017 Note made as part of the 2017 Loan was secured by a security and collateral pledge agreement and guaranteed by Canna Retail.

12. As a condition to the 2017 Note and as part of the 2017 Loan, on or about September 14, 2017, Plaintiff and TPZ Ventures executed a contribution agreement whereby TPZ Ventures issued one hundred twenty (120) Class B Units, representing twelve percent (12%) of the total ownership of TPZ Ventures, to Plaintiff.

13. As a condition to the 2017 Note and as part of the 2017 Loan, on or about September 14, 2017, Plaintiff and Encanna executed a contribution agreement whereby Encanna issued

one hundred twenty (120) Membership Units, representing twelve percent (12%) of the total ownership of Encanna, to Plaintiff.

14.    As a condition to the 2017 Note and as part of the 2017 Loan, on or about September 14, 2017, Plaintiff and TPZ Manufacturing executed a contribution agreement whereby TPZ Manufacturing issued one hundred twenty (120) Membership Units, representing twelve percent (12%) of the total ownership of TPZ Manufacturing, to Plaintiff.

15.    As a condition to the 2017 Note and as part of the 2017 Loan, on or about September 14, 2017, Plaintiff and Canna Retail 1 executed a contribution agreement whereby Canna Retail 1 issued one hundred twenty (120) Membership Units, representing twelve percent (12%) of the total ownership of Canna Retail 1, to Plaintiff.

16.    In reliance on the representations and inducements of Defendants, Plaintiff funded the 2017 Loan with One Million and 00/100 Dollars ($1,000,000.00).

17.    Upon information and belief, Francis J. Meistrell allocated the proceeds of the 2017 Loan among the Defendants.

18.    TPZ Ventures defaulted under the terms of the 2017 Note by failing to pay its indebtedness thereunder.

19.    Pursuant to the terms of the 2017 Note, Plaintiff provided Francis J. Meistrell a notice of default of the 2017 Note on September 11, 2018.

20.    In lieu of foreclosing on the 2017 Note, Plaintiff and Francis J. Meistrell, as manager of and on behalf of Defendants, began negotiating terms for a restructure of the 2017 Loan.

21. On or about September 21, 2018, Plaintiff offered to Defendants a set of terms to restructure the 2017 Loan via email.

22. On or about September 25, 2018, Defendants accepted the offer via email, agreeing to the terms of the loan restructure proposed by Plaintiff (the "2018 Agreement"). A true and correct copy of Defendants' email accepting Plaintiff's terms and creating the 2018 Agreement is attached hereto as Exhibit A.

23. On or about October 1, 2018, TPZ Ventures made a payment of $12,500 to Plaintiff in accordance with the 2018 Agreement. The 2017 Note would have required a payment to Plaintiff of $15,000.

24. Plaintiff's counsel subsequently prepared the documents to memorialize the 2018 Agreement. Such documents (collectively referred to as the "Loan Restructure Documents") were provided to Defendants on October 5, 2018. True and correct copies of the Loan Restructure Documents are attached hereto as Exhibit B.

25. Defendants now refuse to comply with the terms of the 2018 Agreement.

## COUNT I—DECLARATORY JUDGMENT

26. Plaintiff incorporates paragraphs 1 through 25 of this Complaint by reference as if fully set forth at length herein.

27. On or about September 21, 2018, Plaintiff offered to Defendants a set of terms to restructure the 2017 Loan.

28. On or about September 25, 2018, Defendants accepted the terms offered by Plaintiff in an email, creating the 2018 Agreement.

29.     On or about October 1, 2018, Defendants made a payment to Plaintiff in accordance with the terms of the 2018 Agreement.

30.     Defendants have not complied with the terms of 2018 Agreement as they have failed to grant Plaintiff additional equity in Defendants.  Defendants now deny the existence of a valid, binding contract.

31.     Plaintiff respectfully requests that this Court enter an order declaring that the Capstone Capital Trust and Defendants have a valid, binding contract, upon the terms set forth in the Loan Restructure Documents.

<u>COUNT II—BREACH OF CONTRACT</u>

32.     Plaintiff incorporates paragraphs 1 through 31 of this Complaint by reference as if fully set forth at length herein.

33.     The 2018 Agreement is a valid and enforceable contract.

34.     Plaintiff has fully performed or tendered all performance required under the 2018 Agreement.

35.     Defendants breached its obligations as set forth in the agreement by failing to grant additional equity to Plaintiff as required under the terms in the 2018 Agreement.

36.     Plaintiff has suffered damages resulting from Defendants' failure to grant additional equity to Plaintiff under the terms of the 2018 Agreement.

<u>COUNT III—UNJUST ENRICHMENT</u>

37.    Plaintiff incorporates paragraphs 1 through 36 of this Complaint by reference as if fully set forth at length herein.

38.    Plaintiff conferred a benefit upon Defendants, by not foreclosing on the 2017 Note and exercising the rights given to it thereby.

39.    Defendants accepted that benefit and have not reimbursed Plaintiff for the benefit.

40.    It is inequitable for Defendants to receive that benefit without paying Plaintiff for the benefit.

41.    Plaintiff has suffered damages resulting from Defendants' failure to pay for the benefit received.

<u>PRAYER FOR RELIEF</u>

Wherefore, Plaintiff respectfully requests that this Court enter a final judgment:

1.    Declaring that Defendants, entered into a valid and binding agreement with Plaintiff, which constitutes a binding and enforceable contract, the terms of which shall be those set forth in the Loan Restructure Documents.

2.    Against Defendants individually, jointly, and severally in an amount in excess of $75,000 plus costs, disbursements, reasonable attorney fees, interest, and whatever other relief the Court deems just and equitable.

<u>DEMAND FOR JURY TRIAL</u>

Under Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

Dated this 2nd day of November, 2018.

BALLARD SPAHR LLP


By: /s/ Daniel R. Fritz
Daniel R. Fritz (2390)
Jordan Veurink (4351)
101 South Reid Street, Suite 302
Telephone:  (605) 978-5200

Email:  fritzd@ballardspahr.com
            veurinkd@ballardspahr.com

*Attorneys for Plaintiff*